JAMES FAULKNER, Retired Justice.
Fred Hollis, an inmate at Limestone Correctional Facility, filed a petition for writ of habeas corpus on April 12, 1990. On May 21,1990, the State filed a motion to dismiss *254 the petition, and on July 23, 1990, the circuit court granted the State’s motion. Hollis appeals from the circuit court’s dismissal of his habeas corpus petition.
In his petition Hollis challenged the disciplinary board’s decision to confine him in disciplinary segregation for 45 days and to deprive him of store and visitation privileges for 30 days because of Hollis’s allegedly exposing himself to 2 16-year-old female students who were touring the facility-
Hollis contends on appeal that he was denied due process of law because the disciplinary board failed to include documentation of the alleged “extreme circumstances” warranting use of the two students’ written statements in lieu of their testimony at the hearing. We disagree.
Rule 403. IV. 6, Alabama Department of Corrections—Administrative Regulations, provides that “[affidavits and written statements should not be used in lieu of testimony, except in extreme circumstances, which must be documented on an additional page and attached to disciplinary report.” (Emphasis added.)
“It is well settled that a violation of an administrative regulation is not tantamount to a constitutional violation unless the regulation is mandated to protect a constitutional right. United States v. Caceres, 440 U.S. 741 [99 S.Ct. 1465, 59 L.Ed.2d 733] (1979). Particularly where the internal regulations purely facilitate the administrative internal agency policies and are not necessary to afford significant procedural protections, we do not insist on compliance. See Caceres.
“In Wolff [v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) ], the United States Supreme Court stated that due process required that prisoners in disciplinary proceedings resulting in loss of good time be afforded advance (no less than 24 hours) notice of the charges; a written statement of the evidence relied on and reasons for the decision of the disciplinary body; the right to be present; the right to present documentary evidence on the prisoner’s behalf; a qualified right to have a representative present on the prisoner’s behalf; and a qualified right to call witnesses, Wolff, at 541-42 [94 S.Ct. at 2967-68].”
Brown v. State, [Ms. 1900094, March 22, 1991] — So.2d -(Ala.1991).
It is clear that Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), does not require that affidavits and written statements be used in lieu of testimony only in extreme circumstances which must be documented on the disciplinary reports. Hence, the language of Rule 403. IV. 6, Alabama Department of Corrections Administrative Regulations, does not protect a constitutional right. See Brown, supra. Because the disciplinary board in Hollis’s case clearly complied with the minimum requirements of due process as set forth in Wolff, the board’s failure to document the “extreme circumstances” warranting the use of statements in lieu of testimony is not tantamount to a constitutional violation.
The foregoing opinion was prepared by the Honorable JAMES FAULKNER, Retired Justice, Alabama Supreme Court, serving as a judge of this court, and his opinion is hereby adopted as that of the court.
The judgment of the circuit court is affirmed.
AFFIRMED.
All the Judges concur.